## IMPORTANT INFORMATION FOR AGENT

The purpose of a Durable Power of Attorney is to give at least one representative, (the Agent), the authority and right to act on behalf of the Principal in the event of an absence.

### Agent's Duties

When you accept the authority granted under this Durable Power of Attorney, a special legal relationship is created between you and the Principal. This relationship imposes upon you legal duties that continue until you resign or the Durable Power of Attorney is terminated or revoked. You must:

(1) do what you know the Principal reasonably expects you to do with the Principal's property or, if you do not know the Principal's expectations, act in the Principal's best interest;

(2) act in good faith;

(3) do nothing beyond the authority granted in this Durable Power of Attorney; and

(4) disclose your identity as Agent whenever you act for the Principal by writing or printing the name of the Principal and signing your own name as "Agent" in the following manner:
(Principal's Name) by (Your Signature) as Agent.

Unless the Special Instructions in this Durable Power of Attorney state otherwise, you must also:

(1) act loyally for the Principal's benefit;

(2) avoid conflicts that would impair your ability to act in the Principal's best interest;

(3) act with care, competence, and diligence;

(4) keep a record of all receipts, disbursements, and transactions made on behalf of the Principal;

(5) cooperate with any person that has authority to make health-care decisions for the Principal to do what you know the Principal reasonably expects or, if you do not know the Principal's expectations, to act in the Principal's best interest; and

(6) attempt to preserve the Principal's estate plan if you know the plan and preserving the plan is consistent with the Principal's best interest.

### Termination of Agent's Authority

You must stop acting on behalf of the Principal if you learn of any event that terminates this Durable Power of Attorney or your authority under this Durable Power of Attorney. Events that terminate a Durable Power of Attorney or your authority to act under a Durable Power of Attorney include:

(1) death of the Principal;

(2) the Principal's revocation of the Durable Power of Attorney or your authority;

(3) the occurrence of a termination event stated in the Durable Power of Attorney;

(4) the purpose of the Durable Power of Attorney is fully accomplished; or

(5) if you are married to the Principal, a legal action is filed with a court to end your marriage, or for your legal separation, unless the Special Instructions in this Durable Power of Attorney state that such an action will not terminate your authority.

### Liability of Agent

If you violate your duty under this Durable Power of Attorney you may be liable for damages caused by your violation.

If there is anything about this document or your duties that you do not understand, seek legal advice.

**Grant of General Authority**

My Agent shall care for, manage, control, and handle all of my business, financial, property and personal affairs in my name, place and stead in as full and complete a manner in which I myself could do, if I were personally present, with respect to the following matters, to the extent that I am permitted by law to act through such a representative and subject to any limitations on or additions to the specified powers inserted after the following:

(**NOTICE:** The Principal must write his or her initials in the corresponding blank space for each of the subdivisions (A) through (M) below for which the Principal WANTS to give the Agent authority. If the corresponding blank space for any particular subdivision is NOT initialled, NO AUTHORITY WILL BE GRANTED for those matters specified in the subdivision. ALTERNATIVELY, the letter corresponding to each power the Principal wishes to grant has been referenced in subdivision "(N)", and the Principal may initial in the blank space to the left of subdivision "(N)" in order to grant each of the powers so indicated.)

(_ST_) **(A) Real property transactions.** To lease, sell, mortgage, purchase, exchange, and acquire, and to agree, bargain, and contract for the lease, sale, purchase, exchange, and acquisition of, and to accept, take, receive, and possess any interest in real property whatsoever, on such terms and conditions, and under such covenants, as my Agent shall deem proper; and to maintain, repair, tear down, alter, rebuild, improve, manage, insure, move, rent, lease, sell, convey, subject to liens, mortgages, and security deeds, and in any way or manner deal with all or any part of any interest in real property whatsoever, including specifically, but without limitation, real property lying and being situated in the State of _Pennsylvania_, under such terms and conditions, and under such covenants, as my Agent shall deem proper and may for all deferred payments accept purchase money notes payable to me and secured by mortgages or deeds to secure debt, and may from time to time collect and cancel any of said notes, mortgages, security interests, or deeds to secure debt.

(_ST_) **(B) Tangible personal property transactions.** To lease, sell, mortgage, purchase, exchange, and acquire, and to agree, bargain, and contract for the lease, sale, purchase, exchange, and acquisition of, and to accept, take, receive, and possess any personal property whatsoever, tangible or intangible, or interest thereto, on such terms and conditions, and under such covenants, as my Agent shall deem proper; and to maintain, repair, improve, manage, insure, rent, lease, sell, convey, subject to liens or mortgages, or to take any other security interests in said property which are recognized under the Uniform Commercial Code as adopted at that time under the laws of the State of _Pennsylvania_ or any applicable state, or otherwise hypothecate (pledge), and in any way or manner deal with all or any part of any real or personal property whatsoever, tangible or intangible, or any interest therein, that I own at the time of execution or may thereafter acquire, under such terms and conditions, and under such covenants, as my Agent shall deem proper.

(____) **(C) Stock and bond transactions.** To purchase, sell, exchange, surrender, assign, redeem, vote at any meeting, or otherwise transfer any and all shares of stock, bonds, or other securities in any business, association, corporation, partnership, or other legal entity, whether private or public, now or hereafter belonging to me.

(____) **(D) Commodity and option transactions.** To buy, sell, exchange, assign, convey, settle and exercise commodities futures contracts and call and put options on stocks and stock indices traded on a regulated options exchange and collect and receipt for all proceeds of any such transactions; establish or continue option accounts for the Principal with any securities or futures broker; and, in general, exercise all powers with respect to commodities and options which the Principal could if present and under no disability.

(ST) **(E) Banking and other financial institution transactions.** To make, receive, sign, endorse, execute, acknowledge, deliver and possess checks, drafts, bills of exchange, letters of credit, notes, stock certificates, withdrawal receipts and deposit instruments relating to accounts or deposits in, or certificates of deposit of banks, savings and loans, credit unions, or other institutions or associations. To pay all sums of money, at any time or times, that may hereafter be owing by me upon any account, bill of exchange, check, draft, purchase, contract, note, or trade acceptance made, executed, endorsed, accepted, and delivered by me or for me in my name, by my Agent. To borrow from time to time such sums of money as my Agent may deem proper and execute promissory notes, security deeds or agreements, financing statements, or other security instruments in such form as the lender may request and renew said notes and security instruments from time to time in whole or in part. To have free access at any time or times to any safe deposit box or vault to which I might have access.

(ST) **(F) Business operating transactions.** To conduct, engage in, and otherwise transact the affairs of any and all lawful business ventures of whatever nature or kind that I may now or hereafter be involved in. To organize or continue and conduct any business which term includes, without limitation, any farming, manufacturing, service, mining, retailing or other type of business operation in any form, whether as a proprietorship, joint venture, partnership, corporation, trust or other legal entity; operate, buy, sell, expand, contract, terminate or liquidate any business; direct, control, supervise, manage or participate in the operation of any business and engage, compensate and discharge business managers, employees, agents, attorneys, accountants and consultants; and, in general, exercise all powers with respect to business interests and operations which the Principal could if present and under no disability.

(ST) **(G) Insurance and annuity transactions.** To exercise or perform any act, power, duty, right, or obligation, in regard to any contract of life, accident, health, disability, liability, or other type of insurance or any combination of insurance; and to procure new or additional contracts of insurance for me and to designate or change the beneficiary of same; provided, however, that my Agent cannot designate himself or herself as beneficiary of any such insurance contracts, unless the Agent is my spouse or only child.

(ST) **(H) Estate, trust and other beneficiary transactions.** To accept, receipt for, exercise, release, reject, renounce, assign, disclaim, demand, sue for, claim and recover any legacy, bequest, devise, gift or other property interest or payment due or payable to or for the Principal; assert any interest in and exercise any power over any trust, estate or property subject to fiduciary control; establish a revocable trust solely for the benefit of the Principal that terminates at the death of the Principal and is then distributable to the legal representative of the estate of the Principal; and, in general, exercise all powers with respect to estates and trusts which the Principal could exercise if present and under no disability; provided, however, that the Agent may not make or change a will and may not revoke or amend a trust revocable or amendable by the Principal or require the trustee of any trust for the benefit of the Principal to pay income or Principal to the Agent unless specific authority to that end is given.

(ST) **(I) Claims and litigation.** To commence, prosecute, discontinue, or defend all actions or other legal proceedings touching my property, real or personal, or any part thereof, or touching any matter in which I or my property, real or personal, may be in any way concerned. To defend, settle, adjust, make allowances, compound, submit to arbitration, and compromise all accounts, reckonings, claims, and demands whatsoever that now are, or hereafter shall be, pending between me and any person, firm, corporation, or other legal entity, in such manner and in all respects as my Agent shall deem proper.

(ST) **(J) Personal and family maintenance.** To hire accountants, attorneys at law, consultants, clerks, physicians, nurses, agents, servants, workmen, and others and to remove them, and to appoint others in their place, and to pay and allow the persons so employed such salaries, wages, or other remunerations, as my Agent shall deem proper.

(ST) **(K) Benefits from Social Security, Medicare, Medicaid, or other governmental programs, or military service.** To prepare, sign and file any claim or application for Social Security, unemployment or military service benefits; sue for, settle or abandon any claims to any benefit or assistance under any federal, state, local or foreign statute or regulation; control, deposit to any account, collect, receipt for, and take title to and hold all benefits under any Social Security, unemployment, military service or other state, federal, local or foreign statute or regulation; and, in general, exercise all powers with respect to Social Security, unemployment, military service, and governmental benefits, including but not limited to Medicare and Medicaid, which the Principal could exercise if present and under no disability.

(ST) **(L) Retirement plan transactions.** To contribute to, withdraw from and deposit funds in any type of retirement plan (which term includes, without limitation, any tax qualified or nonqualified pension, profit sharing, stock bonus, employee savings and other retirement plan, individual retirement account, deferred compensation plan and any other type of employee benefit plan); select and change payment options for the Principal under any retirement plan; make rollover contributions from any retirement plan to other retirement plans or individual retirement accounts; exercise all investment powers available under any type of self-directed retirement plan; and, in general, exercise all powers with respect to retirement plans and retirement plan account balances which the Principal could if present and under no disability.

(ST) **(M) Tax matters.** To prepare, to make elections, to execute and to file all tax, Social Security, unemployment insurance, and informational returns required by the laws of the United States, or of any state or subdivision thereof, or of any foreign government; to prepare, to execute, and to file all other papers and instruments which the Agent shall think to be desirable or necessary for safeguarding of me against excess or illegal taxation or against penalties imposed for claimed violation of any law or other governmental regulation; and to pay, to compromise, or to contest or to apply for refunds in connection with any taxes or assessments for which I am or may be liable.

(____) **(N) ALL OF THE MATTERS LISTED ABOVE.** YOU NEED NOT INITIAL ANY OTHER LINES IF YOU INITIAL LINE (N).

**Grant of Specific Authority (Optional)**

My Agent MAY NOT do any of the following specific acts for me UNLESS I have INITIALED the specific authority listed below:

(CAUTION: Granting any of the following will give your Agent the authority to take actions that could significantly reduce your property or change how your property is distributed at your death. INITIAL ONLY the specific authority you WANT to give your Agent.)

(____) Create, amend, revoke or terminate an inter vivos trust.
(____) Make a gift.
(____) Create or change rights of survivorship.
(____) Create or change a beneficiary designation.
(____) Authorize another person to exercise the authority granted under this Durable Power of Attorney.

(____) Waive the Principal's right to be a beneficiary of a joint and survivor annuity, including a survivor benefit under a retirement plan.

(____) Exercise fiduciary powers that the Principal has authority to delegate.

(____) Disclaim or refuse an interest in property, including a power of appointment.

**Limitation on Agent's Authority**

An Agent that is not my ancestor, spouse or descendant MAY NOT use my property to benefit the Agent or a person to whom the Agent owes an obligation of support unless I have included that authority in the Special Instructions.

**Special Instructions (Optional)**

Additional powers, if any, that are not inconsistent with the other provisions of this Durable Power of Attorney:

The powers granted hereinabove shall not include the following powers or shall be modified or limited in the following particulars:

Additional powers, if any, granted to the Agent with respect to any power listed above and not eliminated/struck out by the Principal:

**Special Instructions for Gifts**

Special instructions applicable to gifts (initial in front of the following sentence to have it apply):

(____) I grant my Agent the power to apply my property to make gifts to individuals, charities, or to the Agent, up to the amount of $500 per year, per individual or entity, without signature of the Principal, as the Agent determines to be in the Principal's best interest.

Authorization for an Agent to make gifts or transfers of $500 or more requires the Principal to execute a Major Gifts Rider at the same time as the Durable Power of Attorney document.

(____) I grant my Agent the power to make major gifts and transfers of my property set forth under the Major Gifts Rider.

**Nomination of Guardian or Conservator (Optional)**

In the event that a court decides that it is necessary to appoint a Guardian of my person or Conservator of my estate, I hereby nominate _____ , who resides at _____ , City of _____ , County of _____ , State of _____ , to be considered by the court for appointment to serve as my Guardian or Conservator, or in any similar representative capacity.

**Effective Date/Durable Provision**

This Durable Power of Attorney shall be effective immediately, shall not be affected by any lapse of time, and shall not be affected by the subsequent incapacity of the Principal except as provided by statute in the State of _Pennsylvania_, and all acts done by the Agent under the power granted herein during any period of the Principal's disability or incapacity shall have the same effect and inure to the benefit of and bind the Principal and Principal's successors in interest as if the Principal were competent and not disabled.

My Agent hereby accepts this appointment subject to its terms and agrees to act and perform in the said fiduciary capacity and observe the standards of care applicable to trustees as described by relevant _STATE_ statute consistent with my best interests as his, her, or their best discretion deem advisable, and I affirm and ratify all acts so undertaken.

If the Agent is a corporate Agent, the Agent shall not use my assets for its benefit, nor the benefit of its officers or directors.

If this Durable Power of Attorney is revoked or terminated, such revocation or termination for any reason in accordance with law shall be ineffective as to any Agent unless and until actual notice or knowledge of such revocation or termination shall have been received by the Agent.

My subsequent death shall not revoke or terminate the agency granted herein as to my Agent who, without actual knowledge of my death, acts in good faith under this Durable Power of Attorney. Any action so taken, unless otherwise invalid or unenforceable, shall bind my successors in interest.

**Notice to Third Parties**

To induce any third-party to act hereunder, I hereby agree that any third-party receiving a duly executed copy or facsimile of this instrument may act hereunder, and that revocation or termination shall have been received by such third-party, and I for myself and for my heirs, executors, legal representatives and assigns, hereby agree to indemnify and hold harmless any such third-party from and against any and all claims which may arise against such third-party by reason of such third-party having relied on the provisions of this instrument.

THIS DURABLE POWER OF ATTORNEY MAY BE REVOKED OR AMENDED IN WRITING BY ME AT ANY TIME.

_March 14 2018_ _____ (date)

_Cheryl Moore_, Principal

First Witness: _[signature]_       _3/14/2018_ (date)

Second Witness: _[signature]_      _3-14-18_ (date)

> A Notary Public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF _Pennsylvania_  )
COUNTY OF _Philadelphia_ )

On _March 14_, 20_18_, before me, _John M Sewell_, a Notary Public, personally appeared _CHERYL MOORE_, as Principal, and _John M Sewell_, as Witness, and _Pammi ____, as Witness, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of _Pennsylvania_ that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Signature of Notary

Affiant ____ Known ____ Produced ID
Type of ID _Work Jefferson Hospital Photo_

(Seal)

Commonwealth of Pennsylvania – Notary Seal
JOHN M SEWELL – Notary Public
Philadelphia County
My Commission Expires Jun 3, 2021
Commission Number 1250043

## AGENT'S SIGNATURE AND ACKNOWLEDGMENT

**First Agent Acknowledgement**

I, _SHARIA TERRY_, am the person identified as the Agent for the Principal named in this document and acknowledge my legal duties.

_MARCH 14, 2018_                        _Sharia Terry_
Date                                     Signature

**Second Agent Acknowledgement (if applicable)**

I, _____, am the person identified as the Agent for the Principal named in this document and acknowledge my legal duties.

_____          _____
Date                              Signature

© SmartLegalForms

LF205 Durable Power of Attorney 6-15, Pg. 7 of 7

## DURABLE POWER OF ATTORNEY - MAJOR GIFTS RIDER
### AUTHORIZATION TO MAKE MAJOR GIFTS OR OTHER TRANSFERS

Attached to a Durable Power of Attorney dated **March 14, 2018**
made by **CHERYL MOORE**.

**CAUTION TO THE PRINCIPAL:** This OPTIONAL rider allows you to authorize your Agent to make major gifts or other transfers of your money or other property during your lifetime. Granting any of the following authority to your Agent gives your Agent the authority to take actions which could significantly reduce your property or change how your property is distributed at your death. This Major Gifts Rider does not require your Agent to exercise granted authority, but when he or she exercises this authority, he or she must act according to any instructions you provide, or otherwise in your best interest.

This Major Gifts Rider and the Durable Power of Attorney it supplements must be read together as a single instrument.

Before signing this document authorizing your Agent to make major gifts and other transfers, you should seek legal advice to ensure that your intentions are clearly and properly expressed.

### (a) GRANT OF LIMITED AUTHORITY TO MAKE GIFTS:

Granting gifting authority to your Agent gives your Agent the authority to take actions which could significantly reduce your property. If you wish to allow your Agent to make gifts to himself or herself, you must separately grant that authority in subdivision (c) below.

To grant your Agent the gifting authority provided below, initial the bracket to the left of the authority.

(___) I grant authority to my Agent to make gifts to my spouse, children and more remote descendants, and parents, not to exceed, for each donee, the annual federal gift tax exclusion amount pursuant to the Internal Revenue Code. For gifts to my children and more remote descendants, and parents, the maximum amount of the gift to each donee shall not exceed twice the gift tax exclusion amount, if my spouse agrees to split gift treatment pursuant to the Internal Revenue Code. This authority must be exercised pursuant to my instructions, or otherwise for purposes which the Agent reasonably deems to be in my best interest.

### (b) MODIFICATIONS:

Use this section if you wish to authorize gifts in excess of the above amount, gifts to other beneficiaries, or other types of transfers.

Granting such authority to your Agent gives your Agent the authority to take actions which could significantly reduce your property and/or change how your property is distributed at your death. If you wish to authorize your Agent to make gifts or transfers to himself or herself, you must separately grant that authority in subdivision (c) below.

(___) I grant the following authority to my Agent to make gifts or transfers pursuant to my instructions, or otherwise for purposes which the Agent reasonably deems to be in my best interest:

**(c) GRANT OF SPECIFIC AUTHORITY FOR AN AGENT TO MAKE MAJOR GIFTS OR OTHER TRANSFERS TO HIMSELF OR HERSELF: (OPTIONAL)**

If you wish to authorize your Agent to make gifts or transfers to himself or herself, you must grant that authority in this section, indicating to which Agent(s) the authorization is granted, and any limitations and guidelines.

(__) I grant specific authority for the following Agent(s) to make the following major gifts or other transfers to himself or herself:

(i) _____ is authorized to transfer my _____ to himself or herself;

(ii) _____ is authorized to transfer my _____ to himself or herself;

(iii) _____ is authorized to transfer my _____ to himself or herself.

This authority must be exercised pursuant to my instructions, or otherwise for purposes which the Agent reasonably deems to be in my best interest.

**(d) ACCEPTANCE BY THIRD PARTIES:**
I agree to indemnify the third party for any claims that may arise against the third party because of reliance on this Major Gifts Rider.

**(e) SIGNATURE OF PRINCIPAL AND ACKNOWLEDGMENT:**
In Witness Whereof I have hereunto signed my name on _March 14_, 20_18_.

PRINCIPAL signs here: ==> _Cheryl Moore_

A Notary Public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF _Pennsylvania_ )
COUNTY OF _Philadelphia_ )

On _March 14_, 20_18_, before me, _John Sewell_, a Notary Public, personally appeared _CHERYL MOORE_, as Principal, and _John Sewell_, as Witness, and _____ as Witness, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of _Pennsylvania_ that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_John M Sewell_
Signature of Notary

Commonwealth of Pennsylvania – Notary Seal
JOHN M SEWELL – Notary Public
Philadelphia County
My Commission Expires Jun 3, 2021
Commission Number 1250043

Affiant ____ Known ____ Produced ID   Type of ID _Work Jefferson Hospital_  (Seal)

© SmartLegalForms

LF205 Durable Power of Attorney Major Gifts Rider 6-15, Pg. 2 of 3

**(f) SIGNATURES OF WITNESSES:**

By signing as a Witness, I acknowledge that the Principal signed the Major Gifts Rider in my presence and the presence of the other Witness, or that the Principal acknowledged to me that the Principal's signature was affixed by him or her or at his or her direction. I also acknowledge that the Principal has stated that this Major Gifts Rider reflects his or her wishes and that he or she has signed it voluntarily. I am not named herein as a permissible recipient of major gifts.

_[signature]_
Signature of Witness #1          Date 3/14/18

_John M Powell_
Print Name

_6951 Warrington Ave_
Address

_Phila PA 19145_
City, State and Zip

_[signature]_
Signature of Witness #2          Date 3-14-18

_Parrin Terry_
Print Name

_6028 Tackawanna St_
Address

_Philadelphia PA 19135_
City, State and Zip

**(g) THIS DOCUMENT PREPARED BY:** _John M Powell_  215 756-4054
125 0043

## AGENT'S CERTIFICATION AS TO THE VALIDITY OF POWER OF ATTORNEY AND AGENT'S AUTHORITY

STATE OF _Philadelphia_ )
COUNTY OF _PA_ )

I, _SHARIA TERRY_, certify under penalty of perjury that _CHERYL MOORE_ granted me authority as Agent or Successor Agent in a power of attorney dated _MAY 14, 2018_

I further certify that to my knowledge:

(1) the Principal is alive and has not revoked the Power of Attorney or my authority to act under the Power of Attorney and the Power of Attorney and my authority to act under the Power of Attorney have not terminated;

(2) if the Power of Attorney was drafted to become effective upon the happening of an event or contingency, the event or contingency has occurred; and

(3) if I was named as a Successor Agent, the prior Agent is no longer able or willing to serve.

_Sharia Terry_
Agent Signature and Date

Printed Name of Agent, Address and Phone Number
_6028 TACKAWANNA ST_
_Phila, PA 19135_

Phone: _267 597_ XXXXXXXXXX

---

A Notary Public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

On _MARCH 14_, 20_18_, before me, _John M Sewell_, a Notary Public, personally appeared _Sharia Terry_, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of _Pennsylvania_ that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_John M Sewell_
Signature of Notary

Commonwealth of Pennsylvania – Notary Seal
JOHN M SEWELL – Notary Public
Philadelphia County
My Commission Expires Jun 3, 2021
Commission Number 1250043

Affiant ___ Known ___ Produced ID  Type of ID _Drivers License_ (Seal)

©SmartLegalForms                                                     LF205 Agent's Certification 6-15, Pg. 1 of 1